UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>Plaintiff,<br><br>v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al,<br><br>Defendants. | No. 2:17-cv-02295-JAM-AC<br><br><br>ORDER |

This matter is before the court on motions to compel plaintiff's deposition by defendants National Railroad Passenger Company ("Amtrak") and Union Pacific Railroad Company (ECF No. 21, collectively "Railroad defendants") and defendant Hector Lopez (ECF No. 22). ECF No. 324. Upon review of the motions, both motions are GRANTED and plaintiff is COMPELLED to appear for his deposition within 60 days of this order. No fees or sanctions are awarded at this time.

**I.     Relevant Background**

Plaintiff Joseph Nevis alleges that he tripped over railroad tracks and was struck by an Amtrak train, resulting in the amputation of both legs. ECF No. 1 at 3-4. Moving defendants allege that plaintiff failed to appear for his noticed deposition on December 13, 2018. ECF No. 21-1 at 1. After having his deposition re-noticed several times, plaintiff failed to appear on

1

| | |
|---|---|
| 1 | December 13, though counsel for all parties, a court reporter, and a videographer did appear. Id. |
| 2 | at 3. Plaintiff asserts that he did not appear because his phone "died," preventing his alarm from |
| 3 | going off the morning of the deposition, and he missed his scheduled ride. Id. at 5. Plaintiff was |
| 4 | unable to notify his counsel because his phone service had been turned off due to his failure to |
| 5 | pay his phone bill, which he relies on public assistance to pay. Id. Plaintiff requests that no costs |
| 6 | be awarded due to his indigence and inability to pay. |

**II.     Motion**

The parties do not dispute that plaintiff must attend his deposition. ECF No. 21-1. Instead, the parties dispute whether plaintiff, in light of his indigent status, should be required to pay costs. Id. at 4-5. The Railroad defendants seek costs in the amount of $512.41. Id. at 4. Defendant Lopez seeks costs in the amount of $440.00.

**III.     Analysis/Summary of the Evidence**

A. Plaintiff is Compelled to Attend his Deposition

The parties do not dispute that plaintiff is required to attend his own deposition. ECF No. 21-1. Defendants request that plaintiff be compelled to appear for a deposition within the next 60 days. Id. at 3, ECF No. 22-1 at 3. Because the need for plaintiff to attend his own deposition is undisputed, the motions are GRANTED on this point and plaintiff must attend his own deposition within 60 days of this order or face sanctions.

B. No Costs are Awarded at This Time

Because this is the first discovery dispute in this case and because of plaintiff's indigent status, no costs or fees will be awarded at this time. However, the court will not take such a lenient approach should this issue arise again. When a motion to compel for a party's failure to attend its own deposition is meritorious, the court must at least require the party failing to attend the deposition to pay the reasonable expenses, including attorney's fees, incurred by the opposing party "unless the failure was substantially justified or other circumstances make an award of such expenses unjust." Fed. R. Civ. P. 37(d)(3). The party facing sanctions bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

The court declines to award costs in this case because plaintiff's indigence appears to be the underlying cause of his failures to appear, and because such circumstances would make an award of costs at this juncture unjust. Plaintiff relies on public assistance to pay his bills and was unable to call to cancel the deposition because he did not make his phone payment. ECF No. 21-1 at 5. Plaintiff's physical limitations also apparently contributed to his inability to attend his deposition. Id. Because plaintiff is indigent, and this was his first failure to appear, an award of costs would be unjust at this time. Plaintiff is cautioned, however, that he is obligated to attend his own deposition and the court is highly unlikely to find sanctions inappropriate if there is a subsequent failure to appear.

### IV. Conclusion

For the reasons explained above, it is hereby ordered as follows:

1. Defendant's motions to compel plaintiff's deposition (ECF Nos. 21 and 22) are GRANTED and plaintiff is ORDERED to attend his own deposition within 60 days of this order; and
2. No sanctions are awarded against plaintiff at this time.

IT IS SO ORDERED.

DATED: March 19, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE