UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al,<br><br>　　　　　Defendants. | No. 2:17-cv-02295-JAM-AC<br><br><br>ORDER |

**I.　Introduction**

This matter is before the court on plaintiff's motion to compel discovery from defendants Amtrak and Union Pacific (ECF No. 48). This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties appeared through counsel at a hearing on October 30, 2019 at 10:00 a.m. For the reasons stated below, the court grants plaintiff's motion in part and denies it in part.

**II.　Relevant Background**

Plaintiff alleges that in April 2016, he checked himself into a rehabilitation center called "Buddy's House." ECF No. 1 at 2. On December 23, 2016, plaintiff at some point consumed alcohol, but knows nothing else of what happened that day. Id. In the early hours of December 24, plaintiff was found by local law enforcement in the street, and believing plaintiff to be "too drunk for jail," the officers drove him to Rideout Memorial Hospital around 1:26 a.m. Id. After

being seen by an emergency room physician, plaintiff was discharged at 1:56 a.m. Id. After being released, plaintiff walked down a pedestrian path and tripped over mainline railroad tracks, ending up on his back on the side of the tracks. Id. at 3. At approximately 2:30 a.m., a passenger train approached and struck the plaintiff, amputating his left leg above the knee and his right leg below the knee. Id. Plaintiff filed suit on November 1, 2017. ECF No. 1. The discovery deadline in this matter is currently set for November 4, 2019. ECF No. 31.

### III. Motion

Plaintiff asks the court to compel the following: (1) dates for the stipulated depositions of Mark Norris and Shawn Paul; (2) to expand the number of depositions beyond 10; (3) to compel documents related to the recent depositions of two engineers, Edson and Haskin; (4) all accident reports related to engineers Edson and Haskin; and (5) further responses and production of documents with respect to Plaintiffs Requests for Production Set Two, Nos. 6, 9, 18, 21, 29, 36, 41, and 64.

### IV. Analysis/Summary of the Evidence

A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

////

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

B. Depositions of Mark Norris and Shawn Paul Will Not be Compelled

The depositions of Mark Norris and Shawn Paul will not be compelled because the depositions were not properly noticed prior to the filing of the motion to compel, and the close of discovery approaches too closely for proper notice to take place. As to Mark Norris, the court previously cautioned plaintiff at a discovery conference that it would not compel the witness to travel from his home in Oregon to be deposed in Sacramento. ECF No. 43. Defendants state that only on October 15, 2019, after filing this motion, did plaintiff agree for the first time to take the deposition in Oregon. ECF No. 58 at 18. Defendants offered to produce Mr. Norris in Oregon on November 1, 2019, but plaintiff's counsel inexplicably still failed to issue a timely notice, and the deposition was taken off calendar. Without a formal notice there is nothing for this court to compel; it is too late for the deposition to be noticed at this juncture.

As to the deposition of Sean Paul, defendants dispute the truth of plaintiff's representation that they stipulated to the deposition. ECF No. 58 at 18. Indeed, defendants state that plaintiff never provided a deposition notice for Mr. Paul. Id. Because the deposition was never noticed and there is no longer time to effect notice, it will not be compelled.

The motion is denied as to the Norris and Paul depositions, but without prejudice to renewal if and only if the litigation schedule is extended by the district judge and the depositions are properly noticed.

C. The Deposition Limit Will Not be Expanded

The court will not expand the deposition limit beyond 10 because plaintiff has not met his burden of demonstrating the need for additional, non-duplicative depositions. Federal Rule of

3

Civil Procedure 30 presumptively limits a party to ten depositions; a party may only exceed this number with leave of court or by stipulation of the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). The presumptive limit is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." Thykkuttathil v. Keese, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." Thykkuttathil, 294 F.R.D. at 600; Kaseberg v. Conaco, LLC, No. 15-cv-01637-JLS-DHB, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); see also Nat. Res. Def. Council, Inc. v. Winter, No. CV 057513-FMC-FMOx, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008); but see Pitkin v. Corizon Health, Inc., No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) ("the Federal Rules of Civil Procedure do not require a moving party to make a particularized showing of necessity when seeking leave to take additional depositions."). In making an evaluation, courts will consider "whether (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (2) the party seeking discovery has ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues." Andamiro U.S.A. v. Konami Amusement of Am., Inc., No. CV00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001).

      Here, plaintiff's requested additional depositions are duplicative and unnecessary. Plaintiff seeks to depose multiple first responders who were at the scene of the accident. ECF No. 58 at 5 (listing officers "all involved in the investigation of the injury."). Defendants argue that the Marysville Police Department issued a comprehensive report, with photographs, that contains all the relevant information that can be gleaned through a deposition, and that the more convenient, less burdensome and less expensive means of discovering the information sought through the officers and paramedics is to rely upon their official reports. Id. The court agrees

that there is no need to exceed the deposition limit where the official report is available and plaintiff has not identified anything in the contents of that report requiring further exploration by deposition.

Plaintiff also wishes to depose Joy Edson, wife of engineer Edson, about her husband's sleep, eating and drinking patterns relevant to Amtrak's fatigue management and hours of service program in the days and hours leading up to the accident. ECF No. 58 at 5. This too appears redundant. Plaintiff already deposed Chris Edson, the best source of this information. Id. at 19. There is no reason here to allow plaintiff to exceed the deposition limit, and the motion is denied on this point.

D. Documents Related to Edson and Haskin Depositions Will Not be Compelled

Plaintiff seeks (in addition to a duplicative request to supplement RFP responses addressed below) documents discussed in the depositions of engineers Edson and Haskins. ECF No. 48 at 5-6. There is no indication that plaintiff made a formal discovery request for these documents prior to seeking to compel their production. Id. at 6. Because there has been no formal request, Amtrak and Union Pacific have not been provided the opportunity to object and preserve the record on these matters. Without formal requests before the court, the issue is not ripe for adjudication. Rule 37 permits a motion to compel documents only if a party fails to produce documents that were requested through a recognized discovery request, in this case, a Rule 34 request for production. Fed. R. Civ. P. 37(a)(3). Because no formal discovery request was timely made[1], this is not a proper topic for a motion to compel and the request is denied.

E. All Accident Reports Related to Edson and Haskin Will Not be Compelled

Plaintiff asserts that defendants originally agreed to turn over all reports related to other accidents, but they have not done so. ECF No. 58 at 8. The motion does not identify any specific request for production. It was clarified at the hearing on this motion that though there was never a formal discovery request, defendants conducted a search for relevant accident reports and found

---

[1] Defendants state that plaintiff served a request for production seeking these documents on the same day he filed this motion. ECF No. 58 at 20. The court will not consider a motion to compel production as to a request made simultaneously with the motion. At the very least, the motion necessarily fails to comply with the meet and confer requirements of Local Rule 251.

none. Without a formal discovery request, there is no need for defendants to produce a verified discovery response documenting their efforts. There is nothing to compel here, and the motion is denied on this point.

   F. Further Responses to RFPs Will be Compelled in Part

Plaintiff seeks additional responses/production with respect to Plaintiffs Requests for Production Set Two, Nos. 6, 9, 18, 21, 29, 36, 41, and 64. These requests are addressed individually below.

   1. Request for Production No. 6:

> Please provide records of complaints, calls to train dispatcher, calls to RR police etc. re. pedestrians/trespassers in that area one mile prior to the INCIDENT and one mile after the incident for the 10 years prior to the INCIDENT and 3 years after the INCIDENT.

ECF No. 58-13 at 6.

Defendant Amtrak, the only party to whom this request was made (ECF Nos. 58-1 at 4, 58-11 at 2) objected that the question is overly broad in time and exceeds the scope of relevant discovery but agreed to produce with a scope limited to four years prior to the incident. ECF No. 58 at 10. In the Joint Statement, defendants note that Amtrak does not own the track or maintain the records of trespasser complaints or have dispatch records or receive complaints for Union Pacific's Tracks. Id. at 21. Nonetheless, the four years of records were produced. Id. The produced scope of 4 years reasonable and proportional to the case and the court will require no further production. The motion on this point is denied.

   2. Request for Production No. 9

> Please provide and statements taken from any Amtrak employee witness or eyewitnesses and/or ear witnesses to incident.

ECF No. 58-13 at 8.

During the meet and confer process, Amtrak's counsel explained that, as stated in its response and objections (id.), the only statement taken in this case was between Amtrak's attorney and Amtrak engineer Chris Edson. The court agrees that the statement is protected both by the attorney-client privilege and the work product doctrine. Upjohn Co. v. United States, 449

6

U.S. 383 (1981). Because the only responsive information is privileged, no further production can be compelled. The motion on this point is denied.

3. Request for Production No. 18

> Please provide a copy of Amtrak's written policy from December 24, 2012 until December 24, 2018 regarding physical checks on Conductors and Engineers before they departed the station on each route.

ECF No. 58-13 at 11.

Defendants objected that the request is over-broad, unduly burdensome, and vague as to the term "physical checks," especially regarding conductors who do not participate in the operation of trains. Id. In the joint statement, plaintiff defines "physical checks" as a term of art meaning a personal evaluation of physical condition. ECF No. 58 at 12. Defendants respond that if "physical checks" is a term of art they were unaware, and this motion is first time plaintiff attempted to define it. Id. at 22. Defendants assert that all policies regarding the conduct of engineers and conductors while on the job, at the time of the incident, have been produced. Id. Accordingly, there is nothing to compel. The motion on this point is denied.

4. Request for Production No. 21

> Please provide Amtrak's policies and procedures in effect for the period 5 years prior to the incident and 5 years after the incident on fatigue management for train crew.

ECF No. 58-13 at 12-13.

Amtrak objected that the request was overly broad and not proportional, but without waiving objections agreed to produce the Hours of Service Compliance Manual Passenger Operations and the Hours of Service Reference Manual for Employee Directly Engaged or Connected with the Movement of Passenger Trains or Engines that were in effect at the time of the incident. Id. at 13. Plaintiff argues that the production was not responsive because it fails to identify what portions of the manuals were responsive to the request. ECF No. 58 at 13.

The court agrees with defendants that the production was sufficient; the vagueness of the production is matched by the vagueness of the question, which seeks "policies and procedures"

on fatigue management. Producing the relevant manuals, as they are kept in the ordinary course of business, is an appropriate and proportionate response.[2] The manuals are documents as a whole, presumably internally organized, and produced as they are kept in the ordinary course of business in compliance with Fed. R. Civ. P. 33(d). The fact that the combined manuals are over 700 pages hardly constitutes an improper document dump. See ECF No. 48 at 13. No further production will be compelled and the motion on this point is denied.

     5. Request for Production No. 29

> Please provide all engine and train service employees suspended from work or fired for taking time off due to fatigue for the period 5 years prior to the incident and 5 years after the incident.

ECF No. 58-13 at 17.

Defendants object that this request is not reasonably tailored to meet the proportional needs of this case and fails to identify documents with reasonable particularity, and is instead phrased as an interrogatory. Id. Further, defendants object that to the extent it seeks documents, rather than employees, those documents would be protected by the constitutional right to privacy. Id. Plaintiff contends that defendant's objections are inappropriate boilerplate, noting there is no privilege log. ECF No. 58 at 14. Plaintiff asserts the RFP is relevant to plaintiff's interest in identifying whether and to what extent employees are penalized for taking time off due to fatigue.

The court agrees that plaintiff's motion to compel cannot be granted on this point because Request 29 is an improper hybrid interrogatory/request for production. Because the RFP does not actually request documents but instead is framed as a special interrogatory, no documents can be compelled. There is no basis in the rules for this type of request. Holley v. Swarthout, No. 2:10-CV-0615 MCE-EFB, 2013 WL 1284316, at *3 (E.D. Cal. Mar. 28, 2013) ("Plaintiff's motion to compel is based, in part, on defendants' objection to these requests as improperly combining interrogatories with requests for production . . . Plaintiff's motion cannot be sustained on this

---

[2] Defendants also argue that claims related to fatigue management are preempted by various federal laws. ECF No. 58 at 22. There is no need to address this substantive point in this discovery order because defendants have already made a satisfactory production to the discovery request at issue.

8

ground. Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve interrogatories; Rule 34 allows a party to serve a request for production. The Rules do not authorize the type of hybrid request served by plaintiff."). The motion to compel is therefore denied on this point.

6. Request for Production No. 36

> Please provide the employee file for the Engineer of Amtrak train number 14 on the day of the incident, including all training, discipline, drug screening and results, physical exams, background investigation, pre and post hiring evaluations, complaints, reprimands, suspensions, performance evaluations, National Transportation Safety Board and Federal Railroad Administration records.

ECF No. 58-13 at 20.

Defendants contend they do not maintain a singular "employee file" but there is a personnel file, which has been produced with respect to engineer Edson with salary and social security number redacted, along with Mr. Edson's training records. ECF No. 58 at 23. Defense counsel specifically represented in open court that the engineer at issue has no record of discipline, which is why the production did not include disciplinary records. Defendants have offered to provide vision test results, but no other part of Edson's medical file. Id. Plaintiff argues that Edson's file production was not complete because it only contained 10 pages and no records of any accidents. ECF No. 58 at 14. However, without evidence that defendants are withholding anything, the court must accept their representation that they produced the entire file with only the salary and social security number redacted.

With respect to medical records, however, defendants' argument that production would violate the engineer's constitutional privacy rights is not persuasive. Plaintiff has indicated he would enter into a stipulated protective order to protect the privacy of the engineers. The information on the engineer's health is clearly relevant to potential causes of the accident at issue in this case. Defendants have acknowledged that medical records are kept. ECF No. 58 at 23. The full medical record responsive to this request shall be produced subject to the entry of a stipulated protective order, and plaintiff's motion is granted as to the medical records only, without chronological limitation.

////

7. <u>Request for Production No. 41</u>

> Please provide the results of the locomotive engineer of Amtrak train number 14 on 12/24/2016 tri-annual vision and hearing screening.

ECF No. 58-13 at 23.

Defendants have agreed to provide the vision screening results. ECF No. 58 at 23. For the reasons discussed above with respect to health records, hearing results must also be provided subject to a stipulated protective order. <u>Id.</u> As discussed in court, the results to be produced will be those most closely preceding the accident at issue.

8. <u>Request for Production No. 64</u>

> Please provide any documents that relate to any Accidents involving Amtrak trains where fatigue was determined to be a contributing factor to the Accident for the period 15 years prior to the INCIDENT and 5 years after the INCIDENT.

ECF No. 58-13 at 34-35.

Defendants object that the request is not proportional to the needs of the case, does not identify documents with reasonable particularity, and would require an expert opinion as to whether accidents were fatigue related. ECF No. 58-13 at 11, 35. Plaintiff argues that this response is evasive and that Amtrak has the ability to identify accidents deemed fatigue related. ECF No. 58 at 16. The court reluctantly agrees with defendants. Despite the obvious importance to this case of Amtrak's past responses to prior fatigue-related accidents, this request is vague and overbroad as drafted.

First, the request is grammatically ambiguous due to use of the word "where." Does plaintiff seek all documents about all fatigue-related accidents, or all documents reflecting a determination that an accident was fatigue-related? Either way, the request is overbroad. It seeks "any documents" that "relate to" other accidents, without limitation by document type or source. The phrase "accidents. . . where fatigue was determined to be a contributing factor" does not adequately narrow the requests because it does not specify whose determinations regarding fatigue are sought. While this request could be narrowed to seek only a proportionate universe of

relevant documents, it is not the undersigned's job to rewrite plaintiff's discovery requests. That is especially true when the motion to compel is brought at the eleventh hour.

The court denies the motion to compel on this point.

## V. Conclusion

Plaintiff's motion to compel is GRANTED as to the medical records sought in Requests for Production 36 and 41, as described above. The motion is otherwise DENIED. The parties are further ORDERED to enter into a stipulated protective order no later than close of business November 1, 2019. The compelled production must be complete by November 8, 2019.

DATED: October 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE