UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>    Plaintiff,<br><br>   v.<br><br>RIDEOUT MEMORIAL HOSPITAL;<br>HECTOR LOPEZ, M.D.; NATIONAL<br>RAILROAD PASSENGER<br>CORPORATION, Individually and<br>dba AMTRAK,<br><br>    Defendants. | No. 2:17-cv-02295-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING IN PART PLAINTIFF'S REQUEST TO SEAL DOCUMENTS** |

In October 2019, Plaintiff Joseph Nevis filed a Motion to Compel Depositions, Increase the Deposition Limit, and Compel the Production of Documents. ECF No. 48. Magistrate Judge Claire held a hearing on the opposed motion at the end of that month. The Court granted Plaintiff's motion in part and denied it in part. See Minutes for 10/30/2019 Proceedings, ECF No. 62. It issued a written order reflecting that decision. Order, ECF No. 63.

Plaintiff filed Objections to the October 30 ruling. Objections, ECF No. 72. National Railroad Passenger Corporation and Union Pacific Railroad Company (collectively "the Railroad Defendants") filed an opposition in response. Opp'n, ECF No. 73.

1

Plaintiff's objections are more-properly understood as a motion for reconsideration under 28 U.S.C. § 636(b)(1)(A), Federal Rule 72(a), and Local Rule 303. To prevail on this type of motion, a plaintiff must show the Magistrate Judge's ruling was "clearly erroneous or contrary to law." As explained below, Plaintiff did not satisfy this showing. Accordingly, Plaintiff's motion is DENIED.

Plaintiff also filed a notice of his request to seal his Objections and related documents. Procedurally, Plaintiff failed to comply with the requirements for filing this request. See E.D. Cal. L. R. 141(b). The Court, however, finds that Chris Edson's privacy interests should not be undermined by Plaintiff's counsel's noncompliance. Accordingly, the Court GRANTS IN PART Plaintiff's request to seal documents.

## I. BACKGROUND

The parties are well-versed in the factual and procedural underpinnings of this case. The Court will not repeat them here.

## II. OPINION

### A. Motion for Reconsideration

A district court judge may only reconsider a pretrial matter decided by a magistrate judge under 28 U.S.C. § 636(b)(1)(A) "where it has been shown that the [] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Specifically, the "clearly erroneous" standard applies to a magistrate judge's "factual determinations and discretionary decisions," such as those made when adjudicating discovery motions. Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing Maisonville v.

F2 Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990)); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). A finding is not clearly erroneous unless, upon review of all the evidence, the reviewing body "is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. Of Cal., Inc. v. Const. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).

Plaintiff contends Magistrate Judge Claire committed clear error by denying his motion to: (1) compel Mark Norris's deposition, (2) increase the deposition limit; (3) compel the production of documents referenced in Chris Edson's and Thomas Haskins's depositions; (4) compel the production of certain accident reports; and (5) compel further production in response to RFP No. 6. Objections at 2-6. The Court disagrees. Plaintiff's principal complaint is not that the magistrate judged erred as a legal matter, but rather that, as a matter of right and wrong, the Court improperly allowed uncooperative corporate defendants to gain an upper hand. But to the extent that the Railroad Defendants gained any advantage from the October 30 ruling, it was not born out of a magistrate judge's incorrect view of the law. It flowed from Plaintiff's insistent unwillingness to use the formal tools of discovery in a timely manner to seek out information relevant to his case.

The Court declined to compel Mark Norris's deposition because Plaintiff did not properly notice the deposition. Order at 3. Plaintiff concedes the notice was untimely served. Objections at 3. Rather than providing a legal basis for why the Court should have nonetheless allowed him to take the

deposition, Plaintiff's counsel continues to levy accusations of bad faith against Defendants—all the while ignoring his failure to comply with the federal discovery rules. Plaintiff failed to show Magistrate Judge Claire's ruling on this matter was clearly erroneous; his motion is denied.

Likewise, the Court declined to compel production of (1) documents related to Edson and Haskin and (2) numerous accident reports. Order at 5-6. This ruling resulted from Plaintiff's failure to make a formal request for production from Defendants before filing his motion to compel. Id. Plaintiff, again, neither disagrees with this chronology nor identifies a legal basis for why his untimely requests should have been honored. Objections at 6. Plaintiff's motion for reconsideration of this ruling is denied.

The Court declined to increase the deposition limit because Plaintiff failed to make a "particularized showing" of his need for additional depositions. Order at 4. It found Plaintiff's request to depose multiple first responders was "duplicative and unnecessary," particularly given "the Marysville Police Department issued a comprehensive report, with photographs that contained all the relevant information that [could] be gleaned through a deposition." Id. Plaintiff argues that "to determine the testimony of an on-scene officer is cumulative, simply because a report was issued is contrary to applicable case law." Objections at 5. This uncited proposition falls far short of demonstrating the magistrate judge's decision was clearly erroneous. Plaintiff's motion for reconsideration is therefore denied.

Finally, the Court declined to compel a further response to RFP No. 6. Magistrate Judge Claire issued this decision based upon (1) Defendants' representation at the October 30 hearing that they had produced four years' worth of accident records, and (2) her independent finding that four years' worth of accident records was "reasonable and proportional to the case." Order at 6. Later that day, Defendants realized they had not in fact produced those documents. See Notice of Errata, ECF No. 64. They produced the documents that day and filed a notice of errata identifying and explaining their misrepresentation to the Court. Id. Plaintiff argues this error warrants reconsideration of the Court's decision. To the contrary, the Court does not find Defendants' misrepresentation has any bearing on the question of whether the magistrate judge's finding—that four years' worth of accident records was reasonable and proportional to the case—was clearly erroneous. Plaintiff does not set forth any authority in support of his argument that limiting the scope of discovery in this way was incorrect as a matter of law. His motion for reconsideration of this issue is denied.

B. Request to Seal

After improperly submitting his first Notice of Request to Seal Documents via email, Plaintiff electronically filed an amended notice. ECF No. 74; see also E.D. Cal. L.R. 141(b). Although the motion Plaintiff requests to seal requested review by a district court judge, he submitted his request with the magistrate judge. In doing so, he failed to comply with Local Rule 141(b)'s requirement that a request to seal documents be "e-

mailed to the appropriate judge." The clerk's office notified Plaintiff's counsel of this error and yet, to date, it remains uncorrected. The Court could deny Plaintiff's sealing request on this ground.

Nevertheless, the Court finds the interest in protecting Chris Edson's sensitive medical information outweighs the interest in strict enforcement of the Court's procedural rules here. The Court further finds that "compelling reasons" support concealing the private information inadvertently disclosed in Plaintiff's motion. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied, 137 S. Ct. 38 (2016). It does not, however, find that withholding the entire document from public view is necessary to conceal that information. The Court, therefore, seals the documents in docket number 72, but orders Plaintiff to file a redacted version of those documents that better protects Edson's private information.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration and GRANTS IN PART his request to seal documents. By Wednesday, November 27 at noon, Plaintiff must file a redacted version of the documents in docket number 72 that conceal Edson's medical information.

IT IS SO ORDERED.

Dated: November 22, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE