UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>Plaintiff,<br><br>v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al.<br><br>Defendants. | No. 2:17-cv-02295-DAD-AC<br><br>TENTATIVE RULINGS ON MOTIONS *IN LIMINE*<br><br>(Doc. Nos. 161, 162, 163, 165, 167, 168, 169, 171, 172, 173, 174, 175, 176, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188) |

The matter is before the court on the motions *in limine* filed on behalf of defendants Rideout Memorial Hospital ("Rideout") (Doc. Nos. 161, 162, 163), Dr. Hector Lopez (Doc. Nos. 165, 167, 168, 169, 171, 180, 184), National Railroad Passenger Corporation ("Amtrak") (Doc. Nos. 176, 178, 179, 181, 183, 185, 186), and plaintiff Joseph Daniel Nevis (Doc. Nos. 172, 173, 174, 175, 182, 187, 188). The court now issues the following tentative rulings addressing the parties' motions *in limine*. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (noting that "a ruling on a motion *in limine* . . . falls entirely within the discretion of the district court"). These rulings are tentative only and the parties are free to submit further argument as to any such motion *in limine* ("MIL") on Monday, October 3, 2022 at 9:30 a.m. in Courtroom 4, 15th floor. However, in particular, the court desires further argument addressing the following MILs: defendant Dr. Hector Lopez's MIL Nos. 1, 5 (Doc. Nos. 165, 169) and

1

defendant Amtrak's MIL No. 5 (Doc. No. 183).

**TENTATIVE RULINGS ON MOTIONS *IN LIMINE***

**Defendant Rideout's MIL No. 1 (Doc. No. 161)**

Defendant Rideout's motion *in limine* number one (Doc. No. 161) is DENIED. Defendant Rideout's objections to the reliability of Dr. Andrew Lawson's expert opinion concerns the weight of the evidence, not its admissibility. *See Primiano v. Cook*, 598 F.3d 558, 563–68 (9th Cir. 2010). Moreover, its disagreement with the phrasing of Dr. Lawson's expert opinion is not a basis upon which to exclude that evidence.

**Defendant Rideout's MIL No. 2 (Doc. No. 162)**

Defendant Rideout's motion *in limine* number two (Doc. No. 162) is GRANTED in part and DENIED in part. Randall Epperson, PhD's first challenged opinion is speculative, as plaintiff conceded in his opposition brief, and must be excluded. However, the motion is otherwise denied because plaintiff states in his opposition brief that, "Dr. Epperson does not intend to offer testimony, as to the standard of care, for an emergency physician." (Doc. No. 249 at 3.) Thus, Dr. Epperson will not be offered by plaintiff for the purpose upon which defendant Rideout seeks exclusion. Of course, defendant Rideout is free to cross-examine Dr. Epperson with respect to the challenged opinions and the basis for that testimony.

**Defendant Rideout's MIL No. 3 (Doc. No. 163)**

Defendant Rideout's motion *in limine* number three (Doc. No. 163) is DENIED without prejudice to defendant presenting an appropriate objection at trial. Because the pending motion requires the court to speculate regarding how certain testimony or evidence might be proffered at trial, however, the court declines to issue any advance ruling on this issue. *See United States v. Browne*, 829 F.2d 760, 761–62 (9th Cir. 1987).

**Defendant Dr. Hector Lopez's MIL No. 1 (Doc. No. 165)**

Defendant Dr. Lopez's motion *in limine* number one (Doc. No. 165) is GRANTED. The court finds that the following statement pulled from a record made by paramedic Chalyssa Huebler that, "Yuba City PD states he is too intoxicated to book into jail," is not one made for a medical diagnosis or treatment. Moreover, plaintiff has failed to make an adequate showing that

Ms. Huebler's record falls within the business records exception, or explained how plaintiff would resolve the remaining layer of hearsay involving the original statement made by "Yuba City PD" to Ms. Huebler.  Plaintiff's remaining theories of admissibility—namely, that nurses and Dr. Lopez independently documented that plaintiff was intoxicated in their own records based on their own personal interaction with plaintiff—do not provide a basis upon which to admit the statement recorded by Ms. Huebler as an exception to the rule against hearsay.

**Defendant Dr. Hector Lopez's MIL No. 3 (Doc. No. 167)[1]**

Defendant Dr. Lopez's motion *in limine* number three (Doc. No. 167) is DENIED.  The court concludes that the probative value of evidence and testimony regarding ostensible agency and vicariously liability—a disputed fact in this case (Doc. No. 154 at 3)—is not substantially outweighed by any danger of confusion identified by defendant Dr. Lopez.

**Defendant Dr. Hector Lopez's MIL No. 4 (Doc. No. 168)**

Defendant Dr. Lopez's motion *in limine* number four (Doc. No. 168) is DENIED without prejudice to defendant presenting an appropriate objection during the course of trial.  Because the pending motion requires the court to speculate regarding whether certain expert testimony will be proffered at trial, the court declines to issue any advance ruling on this issue.  *See United States v. Browne*, 829 F.2d 760, 761–62 (9th Cir. 1987).

**Defendant Dr. Hector Lopez's MIL No. 5 (Doc. No. 169)**

Defendant Dr. Lopez's motion *in limine* number five (Doc. No. 169) is DENIED.  This motion is partially duplicative of defendant Rideout's motion *in limine* number two (Doc. No. 162) and the overlapping challenges to the opinions of Randall Epperson, PhD are denied as having been rendered moot by the court's prior ruling on defendant Rideout's motion.  As with defendant Rideout's motion, plaintiff has represented in his opposition that "Dr. Epperson does not intend to offer testimony, as to the standard of care, for an emergency physician." (Doc. No. 264 at 3.)  Thus, to the extent this motion seeks to exclude Dr. Epperson's opinion as being offered for that purpose, it is denied.  Finally, defendant Dr. Lopez seeks to preclude Dr.

---

[1] Defendant Dr. Hector Lopez's MIL No. 2 (Doc. No. 166) was withdrawn by defendant Dr. Lopez on September 28, 2022.  (Doc. No. 298.)

Epperson from testifying to the statement, "Police thought he was too drunk in public so brought him here," found in his expert report because it is "inaccurate," "foundationless," subject to defendant Dr. Lopez's motion *in limine* number one.  As to this statement, the motion is also denied because defendant has not provided a specific evidentiary basis to exclude the statement (e.g., hearsay) and the challenged statement is different than the one analyzed in Dr. Lopez's motion *in limine* number one.

**Defendant Dr. Hector Lopez's MIL No. 7 (Doc. No. 171)[2]**

Defendant Dr. Lopez's motion *in limine* number seven (Doc. No. 171) is DENIED.  The court finds that the probative value of Dr. Andrew Lawson's reference to "grossly negligent" is not substantially outweighed by any danger of unfair prejudice or confusion.

**Defendant Dr. Hector Lopez's MIL No. 9 (Doc. No. 180)[3]**

Defendant Dr. Lopez's motion *in limine* number nine (Doc. No. 180) is GRANTED without prejudice to plaintiff raising prior or subsequent lawsuits involving Dr. Hector Lopez on cross-examination for impeachment purposes only, if appropriate.  However, plaintiff's intention to offer evidence of lawsuits involving defendant Dr. Lopez to show that he "has a pattern of negligent conduct" is prohibited under Federal Rule of Evidence 404(b).

**Defendant Dr. Hector Lopez's MIL No. 10 (Doc. No. 184)**

Defendant Dr. Lopez's motion *in limine* number ten (Doc. No. 184) is DENIED.  As with defendant Rideout's motion *in limine* number one (Doc. No. 161), defendant Dr. Lopez's objections to the reliability of Dr. Andrew Lawson's expert opinion concerns the weight of the evidence, not its admissibility.  *See Primiano v. Cook*, 598 F.3d 558, 563–68 (9th Cir. 2010).

/////

/////

/////

---

[2] Defendant Dr. Hector Lopez's MIL No. 6 (Doc. No. 170) was withdrawn by defendant Dr. Lopez on September 28, 2022.  (Doc. No. 298.)

[3] Defendant Dr. Hector Lopez's MIL No. 8 (Doc. No. 178) was withdrawn by defendant Dr. Lopez on September 28, 2022.  (Doc. No. 298.)

**Defendant Amtrak's MIL No. 1 (Doc. No. 176)**

Defendant Amtrak's motion *in limine* number one (Doc. No. 176) is DENIED. As an initial matter, it does not appear that defendant Amtrak has standing to raise an objection as to plaintiff's experts' purported failure to adhere to Federal Rule of Civil Procedure 34(a)(2) because defendant Amtrak does not possess or control defendant Union Pacific's private property.[4] *See* Fed. R. Civ. Pro. 34(a)(2) ("A party may serve on any other party a request within the scope of Rule 26(b): . . . to permit entry onto *designated land or other property possessed or controlled by the responding party*, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." (emphasis added)). Moreover, plaintiff's two expert witnesses who conducted site visits have provided declarations in support of plaintiff's opposition to the pending motion attesting that "[a]t no time did I step on the train tracks, or enter, or cross the train or rail right of way or on the trestle, or any other private property for any purpose during my inspection. All of my observations and measurements were taken from a public location." (Doc. Nos. 254-6 at 3; 254-7 at 3); *see Rodriguez v. Cnty. of Stanislaus*, No. 1:08-cv-00856-OWW-GS, 2010 WL 3733843, at *2 (E.D. Cal. Sept. 16, 2010).

**Defendant Amtrak's MIL No. 2 (Doc. No. 178)**

Defendant Amtrak's motion *in limine* number two (Doc. No. 178) is DENIED without prejudice to the parties reaching an agreement as to the meaning of their own stipulation. On August 27, 2021, before all pending motions *limine* were filed in this case, the court entered an order regarding "disputed evidentiary issues" that the parties had supposedly resolved through a stipulation. (*See* Doc. Nos. 157, 158.) Defendant Amtrak now seeks to exclude specific opinions from plaintiff's expert Bong Walsh pursuant to that court order, which stated that "Bong Walsh will only offer opinions related to human factors and will not offer opinions regarding train handling or operations." (Doc. No. 158 at 2.) In the pending motion, plaintiff and defendant

---

[4] In fact, defendant Union Pacific was dismissed from this action at the summary judgment stage, but the docket was not updated to reflect that it had been terminated as a party to this action. (*See* Doc. Nos. 89, 112.)

Amtrak disagree regarding whether the challenged portions of Bong Walsh's expert opinion constitute "opinions regarding train handling or operations." (*See* Doc. Nos. 178 at 4–5; 252 at 7–8.) Because the undersigned did not issue the prior order addressing dispute evidentiary issues, the court cannot decipher the parties' ambiguous agreement prohibiting Bong Walsh from giving "opinions regarding train handling or operations." At trial, however, defendant Amtrak is welcome to pose any other objection it deems appropriate to Bong Walsh's testimony.

Separately, defendant Amtrak's challenge to Bong Walsh's opinion as unreliable because it was based, in part, on his review of the train's forward-facing camera is not meritorious. Any concern regarding Bong Walsh's assumption that the forward-facing camera is the same as the operating locomotive engineer can easily be clarified by defendant Amtrak through its own witnesses' testimony or on cross-examination. *See* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."); Fed. R. Evid. 705 (stating that the expert may be required to disclose on cross-examination the facts or data relied upon in providing their opinion).

**Defendant Amtrak's MIL No. 3 (Doc. No. 179)**

Defendant Amtrak's motion *in limine* number three (Doc. No. 179) is DENIED. Based on the court's review of Felix Lee's *curriculum vitae* and expert report, the court cannot conclude that Mr. Lee's opinions are inadmissible on the grounds that he purportedly is not qualified to offer an expert opinion on train accident reconstruction or that he used unreliable data that was not specific to the accident. *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813–14 (9th Cir. 2014) (finding that the district court erred in excluding expert testimony even though the experts' expertise and experience were relevant to the issues on which they opined); *Jodoin v. Toyota Motor Corp.*, 284 F.3d 272, 278–81 (1st Cir. 2002) (find that evidence representing a re-creation of an incident was only required to be "substantially similar" to the original incident and the trial judge erred by excluding the evidence after finding that it was not "virtually identical" to the actual incident). The objections raised by defendant Amtrak go to the weight of Mr. Lee's opinion. For instance, to the extent defendant Amtrak disagrees with Mr. Lee's use of the 1998 Edition of James Loumiet and William Jungbauer's *Train Accident*

1  *Reconstruction and FELA & Railroad Litigation* or believes Mr. Lee relied upon insufficiently
2  similar data, that is a matter for cross examination.  *See Pyramid Techs.*, 752 F.3d at 813 ("Shaky
3  but admissible evidence is to be attacked by cross examination, contrary evidence, and attention
4  to the burden of proof, not exclusion.").

5  **Defendant Amtrak's MIL No. 4 (Doc. No. 181)**

6  Defendant Amtrak's motion *in limine* number four (Doc. No. 181) is DENIED.  The court
7  finds the probative value of the train's forward-facing video of the accident is not substantially
8  outweighed by any of the dangers identified under Federal Rule of Evidence 403.  To the extent
9  that defendant Amtrak is concerned the jury might infer that the viewpoint of the train's forward-
10 facing video is equivalent to the viewpoint of its locomotive engineers, that concern can easily be
11 addressed through testimony by defendant Amtrak's own witnesses.  Similarly, defendant Amtrak
12 can also cross-examine plaintiff's expert witnesses when or if their opinions rely on the
13 assumption that the viewpoint of the train's forward-facing video is the same perspective that its
14 locomotive engineers had on the night of the incident.

15 **Defendant Amtrak's MIL No. 5 (Doc. No. 183)**

16 Defendant Amtrak's motion *in limine* number five (Doc. No. 183) is GRANTED in part
17 and DENIED in part.  Defendant Amtrak's motion is granted as to all opinions it challenges
18 except for Paul Byrnes's opinion that, "[a]n alert and attentive locomotive engine crew operative
19 a passenger train at a speed of approximately 28 miles per hour in other than inclement weather
20 keeping a proper lookout with the headlight properly illuminated in the direction of movement
21 should have been able to detect an object the size of an adult human."  Mr. Byrnes's remaining
22 opinions listed in defendant Amtrak's motion are based on speculation and there is no explanation
23 regarding what methodology, if any, Mr. Byrnes relied upon in reaching his conclusions.  *See*
24 *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860–61 (9th Cir. 2014) (finding that
25 the district court has discretion to determine that proposed expert testimony lacked a reliable
26 methodology and was speculative).  Rather, Mr. Byrnes merely provides his personal opinion and
27 subjective belief regarding the locomotive operators' mental state or what they should have heard
28 or seen on the date of the accident.  *Id.* at 861 ("[P]ersonal opinion testimony is inadmissible as a

matter of law under Rule 702, [citation] and speculative testimony is inherently unreliable.").

**Defendant Amtrak's MIL No. 6 (Doc. No. 185)**

Defendant Amtrak's motion *in limine* number six (Doc. No. 185) is GRANTED without prejudice to plaintiff presenting the prior incidents as rebuttal evidence should defendant Amtrak present evidence that its two employees (Chris Edson and Tom Haskin) had a habit of keeping a look out for persons or things on the train tracks.

**Defendant Amtrak's MIL No. 7 (Doc. No. 186)**

Defendant Amtrak's motion *in limine* number seven (Doc. No. 186) is GRANTED.  The court finds that plaintiff failed to adhere to his initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1) and 26(e) by not disclosing a specific dollar amount that he sought with respect to the non-economic damages he seeks to recover in this action.  *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Rule 37(c)(1) gives teeth to [Rule 26(a)(1)'s and 26(e)'s] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."); *Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 464 (E.D. Cal. 2013) (granting motion *in limine* to preclude plaintiff from requesting a specific dollar amount of emotional distress damages during argument due to his failure to disclose a specific number in discovery).  Although plaintiff contends that defendant Amtrak received a specific dollar figure through a confidential settlement communication on May 21, 2021, that disclosure occurred over 18 months after discovery had closed under the scheduling order in this case and three years after plaintiff's initial disclosure indicating he was seeking non-economic damages.  (*See* Doc. Nos. 31 at 1; 259 at 4.)  Plaintiff otherwise fails to make an appropriate showing explaining how his late disclosure through a settlement communication is harmless or substantially justified.  *See Hoffman*, 541 F.3d at 1179; *cf. Hamka v. Fel*, No. 20-cv-885-GPC-KSC, 2021 WL 2138517, at *4 (S.D. Cal. May 26, 2021) (denying motion for sanctions for plaintiff's failure to disclose a specific non-economic damages amount in initial disclosures because the information had been provided contemporaneously to defendant with initial disclosures but in a confidential settlement communication, and later in response to a special interrogatory).

8

**Plaintiff's MIL No. 1 (Doc. No. 172)**

Plaintiff's motion *in limine* number one (Doc. No. 172) is GRANTED in part and DENIED in part. As an initial matter, no defendant will be allowed to introduce plaintiff's prior criminal convictions for purposes of suggesting that plaintiff consumed controlled substances on the night of the accident. *See* Fed. R. Evid. 404(b). Moreover, the court finds that none of plaintiff's prior convictions involve a dishonest act or false statement requiring automatic admission for impeachment purposes under Fed. R. Evid. 609(a)(2). *See Medrano v. City of Los Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992) (finding that "drug use and shoplifting convictions . . . did not involve dishonesty or false statements"). As for plaintiff's lone felony conviction for drug use, that conviction may be offered as impeachment evidence attacking plaintiff's character for truthfulness or on cross-examination of plaintiff. The lone felony conviction may also be offered with respect plaintiff's experts, Rick Sarkisian, PhD and Randall Epperson, PhD, on cross-examination. However, disclosure of plaintiff's felony conviction will be limited to the fact that it exists, the date it occurred, and any sentence imposed, but defendants will be precluded from offering evidence as to what the conviction was for, unless it is for the purpose of impeaching contrary testimony. The court finds that the probative value of admitting plaintiff's one felony conviction is not substantially outweighed by danger of unfair prejudice when offered for these limited purposes. *See* Fed. R. Evid. 609(a)(1). However, all of plaintiff's remaining convictions may not be admitted for any other purpose, including assessing plaintiff's damages, because they are all misdemeanors, *see id.*, and the court finds that their probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

**Plaintiff's MIL No. 2 (Doc. No. 173)**

Plaintiff's motion *in limine* number two (Doc. No. 173) is GRANTED in part and DENIED in part. As an initial matter, no defendant can introduce plaintiff's history of drug use for purposes of suggesting that plaintiff consumed controlled substances on the night of the accident. *See* Fed. R. Evid. 404(b). However, plaintiff's history of drug use may be offered as impeachment evidence but only if plaintiff opens the door through his testimony, or if it is appropriate on cross-examination of plaintiff's experts. Moreover, plaintiff's history of drug use

can be offered for the purpose of assessing plaintiff's damages, specifically, his future loss of income.[5]  *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993); *Morris v. Long*, No. 1:08-cv-01422-AWI, 2012 WL 1498889, at *7 (E.D. Cal. Apr. 27, 2012).

**Plaintiff's MIL No. 3 (Doc. No. 174)**

Plaintiff's motion *in limine* number three (Doc. No. 174) is DENIED.  The court finds that evidence of plaintiff trespassing onto private property is relevant to the disputed issue of comparative fault and whether the train's engineers kept a reasonable lookout for pedestrians.  (Doc. No. 154 at 6.)  The court further finds that evidence proffered to show that plaintiff trespassed onto the train tracks the night of the incident is not character evidence and that its probative value is not substantially outweighed by any dangers of unfair prejudice.

**Plaintiff's MIL No. 4 (Doc. No. 175)**

Plaintiff's motion *in limine* number three (Doc. No. 175) is DENIED without prejudice to defendant raising appropriate objection during the course of trial.  Because plaintiff does not specify what evidence he seeks to exclude in his motion, the court declines to issue any advance ruling on this issue.  *See U.S.A. v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) ("The failure to specify the evidence that a motion in limine seeks to exclude constitutes a sufficient basis upon which to deny the motion." (internal quotations and brackets omitted)).

**Plaintiff's MIL No. 5 (Doc. No. 182)**

Plaintiff's motion *in limine* number five (Doc. No. 182) is DENIED.  Plaintiff's motion fails because the challenged images are only intended for impeachment purposes and have now been disclosed to plaintiff for well over a year.  *See* FRCP 26(a)(3) advisory committee notes ("By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence—as well as other items relating to conduct of trial—may be required by local rule or a pretrial order.").

/////

/////

---

[5]  In the parties' stipulation and order regarding disputed evidentiary issues, plaintiff agreed that he "will not seek recovery for past wage loss."  (Doc. No. 158 at 1.)

**Plaintiff's MIL No. 6 (Doc. Nos. 187, 188)[6]**

Plaintiff Nevis's motion *in limine* number six (Doc. No. 188) is GRANTED, IN PART, and DENIED, IN PART, as follows:

The court finds that evidence of any past disability payments plaintiff has received is irrelevant to determining damages in this action, where plaintiff only seeks to recover future medical expenses and future wages. *See* Fed. R. Evid. 402. In addition, the court finds any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. *See* Fed. R. Evid. 403. Accordingly, plaintiff's motion *in limine* number 6 (Doc. No. 188) is GRANTED to the extent it seeks to exclude this evidence.

Under California's "collateral source" rule, a defendant is precluded from "presenting evidence that an injured plaintiff's medical expenses have been paid by an independent source." *Cuevas v. Contra Costa Cnty.*, 11 Cal. App. 5th 163, 172 (2017). Cal. Civ. Code § 3333.1(a) provides for an exception to the collateral source rule in medical malpractice cases and explicitly allows defendants in such cases to "introduce evidence of any amount payable as a benefit to the plaintiff as a result of the personal injury pursuant to the United States Social Security Act, [or] any state or federal income disability or worker's compensation act." Accordingly, plaintiff's motion *in limine* number 6 (Doc. No. 188) is DENIED to the extent it seeks to exclude evidence of plaintiff's eligibility for future disability benefits and the value of those future benefits.

"[S]ection 3333.1 does not apply to payments made on behalf of an injured party by Medi-Cal." *Cuevas*, 11 Cap. App. 5th at 173. Accordingly, plaintiff's motion *in limine* number 6 (Doc. No. 188) is GRANTED to the extent it seeks to preclude evidence of Medi-Cal payments to reduce any damages to be awarded, if any. However, because evidence of Medi-Cal rates may be "relevant to the amount of future medical expenses [plaintiff] will incur," the court will allow evidence of Medi-Cal rates for that limited purpose. *Perez by and through Perez v. United States*, No. 16-cv-01911-JAH-MDD, 2018 WL 3570348, at *4 (S.D. Cal. July 25, 2018).

---

[6] Plaintiff filed an amended motion *in limine* number six (Doc. No. 188) that replaced the originally filed motion *in limine* number six (Doc. No. 187). Thus, the originally filed motion *in limine* number six (Doc. No. 187) is denied as having been replaced and therefore rendered moot.

Similarly, evidence pertaining to plaintiff's eligibility for—and applicable negotiated rates under—different types of health insurance, including, but not limited to, insurance pursuant to Medicare[7] and the Affordable Care Act ("ACA"), may be relevant to the amount of future medical expenses plaintiff will incur. Accordingly, the court will allow evidence of plaintiff's eligibility for these medical insurance plans and applicable rates charged by those plans. *See Perez by and through Perez*, 2018 WL 3570348, at *3 ("Defendants may seek to present argument and evidence surrounding reasonable cost of reasonably necessary medical care, including the availability of insurance benefits under the ACA.")

While "the *full* amount billed for past medical services is not relevant to a determination of the reasonable value of future medical services," *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308, 1331 (2013) (emphasis added), "the amounts to be billed for future medical services are uncertain so it is reasonable to use the actual amount paid in the past as a guide for making estimates." *Reed v. City of Modesto*, No. 1:11-cv-01083-AWI-GSA, 2015 WL 1889048, at *7 (E.D. Cal. Apr. 24, 2015). Accordingly, the court will also allow admission of evidence of plaintiff's past medical expenses for the limited purpose of determining a reasonable amount of future medical expenses plaintiff may incur after subtracting amounts covered by applicable available insurance plans. *See Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541, 566 (2011) ("[A] personal injury plaintiff may recover *the lesser* of (a) the amount paid or incurred for medical services, and (b) the reasonable value of the services); *Corenbaum*, 215 Cal. App. 4th at 1330 (noting that "the full amount billed is not an accurate measure of the value of medical services").

## CONCLUSION

For the reasons explained above, the undersigned tentatively rules as follows:

1. The following motions *in limine* are GRANTED: Doc. Nos. 165, 180, 185, 186;
2. The following motions *in limine* are DENIED: Doc. Nos. 161, 163, 167, 168, 169, 171, 174, 175, 176, 178, 179, 181, 182, 184, 187; and

---

[7] It appears that plaintiff probably means Medicaid or Medi-Cal, but he uses both (primarily Medicare) throughout his motion papers.

12

3. The following motions *in limine* are GRANTED in part and DENIED in part: Doc. Nos. 162, 172, 173, 183, 188.

IT IS SO ORDERED.

Dated: **September 30, 2022**

UNITED STATES DISTRICT JUDGE