UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>Plaintiff,<br><br>v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al.<br><br>Defendants. | No.  2:17-cv-02295-DAD-AC<br><br>ORDER RULING ON MOTIONS *IN LIMINE*<br><br>(Doc. Nos. 161, 162, 163, 165, 167, 168, 169, 171, 172, 173, 174, 175, 176, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188) |

The matter is before the court on the motions *in limine* filed on behalf of defendants Rideout Memorial Hospital ("Rideout") (Doc. Nos. 161, 162, 163), Dr. Hector Lopez (Doc. Nos. 165, 167, 168, 169, 171, 180, 184), National Railroad Passenger Corporation ("Amtrak") (Doc. Nos. 176, 178, 179, 181, 183, 185, 186), and plaintiff Joseph Daniel Nevis (Doc. Nos. 172, 173, 174, 175, 182, 187, 188).  On September 30, 2022, the court issued tentative rulings addressing all of the parties' motions *in limine* (Doc. No. 300), and on October 3, 2022, the court heard argument from the parties with respect to the motions and the court's tentative rulings thereon. At the hearing, attorney Raymond McElfish appeared on behalf of plaintiff; attorneys Robert Zimmerman and Chad Couchot appeared on behalf of defendant Rideout Memorial Hospital; attorneys Bradford Hinshaw and Peter Washington appeared on behalf of defendant Dr. Hector Lopez; and attorneys Jason Schaff and Nicole Low appeared on behalf of defendant Amtrak.  As set forth below, and based on the arguments heard at the October 3, 2022 hearing, the court will

1

adopt most of its tentative rulings, defer some rulings until *Daubert* hearings are conducted during trial outside the presence of the jury when the expert witnesses are made available, and will modify two of its tentative rulings as specified below.

The following tentative rulings are hereby adopted as the court's final ruling with any clarifications provided by footnote: defendant Rideout's motions *in limine* numbers one and three (Doc. Nos. 161, 163); defendant Dr. Lopez's motions *in limine* numbers three,[1] four, seven, nine,[2] and ten (Doc. Nos. 167, 168, 171, 180, 184); defendant Amtrak's motions *in limine* one,[3] two, four, and six (Doc. Nos. 176, 178, 181, 185); and plaintiff's motions *in limine* numbers one,[4] two,

---

[1] The court has reviewed the cases cited by counsel for defendant Rideout at the hearing and does not agree that the issue of ostensible agency is a purely legal question based on Rideout's assertions that plaintiff stated in his deposition that he had "no recollection of his visit to Rideout Memorial Hospital on the early morning in question." (Doc. No. 167 at 3.) Although reliance on the apparent agency between the doctor and a hospital is a necessary element for establishing ostensible agency, "there is really only one relevant factual issue: Whether the patient had reason to know that the physician was not an agent of the hospital. . . . [U]nless the patient had some reason to know of the true relationship between the hospital and physician—i.e., because the hospital gave the patient actual notice or because the patient was treated by his or her personal physician—ostensible agency is readily inferred." *Magallanes v. Drs. Med. Ctr. of Modesto*, 80 Cal. App. 5th 914, 923 (2022) (quoting *Markow v. Rosner*, 3 Cal. App. 5th 1027, 1038 (2016)). Indeed, "[i]n the physician-hospital-patient context, ostensible agency is a factual issue '[u]nless the evidence conclusively indicates that the patient should have known that the treating physician was not the hospital's agent[.]'" *Id.* Here, defendants Rideout and Dr. Lopez have failed to establish, based on their mere reference to plaintiff's deposition testimony, that plaintiff "conclusively" should have known that Dr. Lopez was not an agent of the hospital. Thus, the court will not modify its tentative ruling as to this motion and instead adopts it as final.

[2] To the extent plaintiff's counsel wishes to seek to impeach defendant Dr. Lopez with a particular prior or subsequent lawsuit, plaintiff's counsel is ordered to disclose that information in advance of doing so.

[3] Defendant Amtrak will be permitted to examine plaintiff's experts Dr. Bong J. Walsh and Felix Lee outside the presence of the jury regarding the statements made in their declarations submitted in support of plaintiff's opposition to the present motion stating that, "[a]t no time did I step on the train tracks, or enter, or cross the train or rail right of way or on the trestle, or any other private property for any purpose during my inspection. All of my observations and measurements were taken from a public location." (Doc. Nos. 254-6 at 3; 254-7 at 3.)

[4] Plaintiff maintains that his one felony conviction may have been a felony conviction originally but may have been later reduced to a misdemeanor. If plaintiff can show that his one felony conviction was in fact reduced to a misdemeanor and can provide relevant legal authority supporting his position that the court should prohibit the use of a felony reduced conviction, then

three, four, five, and six (Doc. Nos. 172, 173, 174, 175, 182, 187, 188).

The court will defer its final rulings on the following motions *in limine* because *Daubert* hearings will be conducted during trial, outside the presence of the jury, and the objecting parties may re-raise their objections at that time after appropriate questioning of the challenged expert witnesses: defendant Rideout's motion *in limine* number two (Doc. No. 162);[5] defendant Dr. Lopez's motion *in limine* number five (Doc. No. 169); defendant Amtrak's motions *in limine* number three (Doc. No. 179) and five (Doc. No. 183).

Lastly, the court will modify its tentative rulings with respect to defendant Dr. Lopez's motion *in limine* number one (Doc. No. 165) and defendant Amtrak's motion *in limine* number seven (Doc. No. 186) based on the argument at the hearing and upon further review.

Defendant Dr. Lopez's motion *in limine* number one (Doc. No. 165) is now DENIED. The court finds that the statement documented by paramedic Chalyssa Huebler that, "Yuba City PD states he is too intoxicated to book into jail," is one made for—and is reasonably pertinent to—a medical diagnosis or treatment. *See* Fed. R. Evid. 803(4); *Kitchen v. BASF*, 952 F.3d 247, 255 (5th Cir. 2020) (finding that medical records reporting that plaintiff "had been having a recent alcohol binge and drinking heavily for the previous ten days" fell within the hearsay exception found in Federal Rule of Evidence 803(4)). To the extent that defendant Dr. Lopez's motion seeks to exclude other references of plaintiff being "too drunk for jail," the motion is also denied due to the lack of specificity regarding those particular references.

Defendant Amtrak's motion *in limine* number seven (Doc. No. 186) is now DENIED. After further consideration of plaintiff's argument presented at the hearing, the court will change its tentative ruling because it does not find the district court's cursory analysis in *Maharaj v. California Bank & Trust,* upon which defendant Amtrak relies, to be persuasive authority given the facts in this case. 288 F.R.D. 458, 464 (E.D. Cal. 2013) (quoting *Sandoval v. Am. Bldg.*

---

the court will consider modifying its ruling on plaintiff's motion *in limine* number one at that time.

[5] Defendant Rideout's motion *in limine* number two (Doc. No. 162) and defendant Dr. Lopez's motion *in limine* five concern the same witness, the final ruling as to both motions will be deferred until after the *Daubert* hearing is held as to plaintiff's expert Dr. Epperson.

*Maint. Indus., Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007)).  At the hearing, and as stated on the record, plaintiff's counsel has provided substantial justification regarding the failure to make his initial disclosure of a specific emotional distress damages number—namely, that "emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation."  *Creswell v. HCAL Corp.*, No. 04-cv-00388-BTM-RBB, 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007).  Moreover, defendant Amtrak did not point to any meaningful prejudice suffered stemming from plaintiff's failure to disclose the exact amount of non-economic damages being sought by plaintiff, further suggesting that plaintiff's failure to disclose a precise number was harmless.  *See* Fed. R. Civ. Pro. 37(c)(1).  Thus, plaintiff will be allowed to request a specific number for emotional distress/non-economic damages from the jury at trial.

Accordingly, for the reasons set forth above, the undersigned rules as follows:

1. The following tentative rulings on the motions *in limine* (Doc. No. 300) are adopted:  Doc. Nos. 161, 163, 167, 168, 171, 172, 173, 174, 175, 176, 178, 180, 181, 182, 184, 185, 187, 188;

2. The following tentative rulings on the motions *in limine* (Doc. No. 300) are deferred as specified in this order:  Doc. Nos. 162, 169, 179, 183;

3. The following tentative rulings on the motions *in limine* (Doc. No. 300) are modified as specified in this order:  Doc. Nos. 165, 186; and

4. The Clerk of the Court is directed to update the docket to reflect that defendant Union Pacific Railroad Company was dismissed from this action on January 14, 2020 and has been terminated as a named defendant (*see* Doc. Nos. 89, 112).

IT IS SO ORDERED.

Dated:  **October 4, 2022**

UNITED STATES DISTRICT JUDGE

4