UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al.<br><br>　　　　Defendants. | No.  2:17-cv-02295-DAD-AC<br><br><br>NOTICE RE PROPOSED JUDGMENT |

　　　　The jury in this action returned its verdict on October 28, 2022.  Since then, at the request of the parties, hearings have been held and briefing submitted addressing the precise language that should be appropriately employed in entering judgment pursuant to the jury's verdict.  However, because the parties' positions on that issue remain somewhat unclear in the court's view, they will be provided a final opportunity to express any objection to the judgment language the court intends to employ as set forth below.

\* \* \*

PROPOSED JUDGMENT

　　　　The Clerk of the Court is directed to enter Judgment in this action in favor of plaintiff and against defendants as to all of plaintiff's claims, according to the verdict of the trial jury returned in open court on October 28, 2022, except as modified herein.  The modifications conform the

jury's verdict to the provisions of California Civil Code §§ 1431.2 and 3333.2.

    1. Judgment is entered in favor of plaintiff and against each defendant, severally, as to noneconomic damages awarded as follows:

        a. Defendant National Railroad Passenger Corporation shall owe $1,050,000 in noneconomic damages, severally;

        b. Defendant Hector Lopez, MD shall owe $125,000 in noneconomic damages, severally; and

        c. Defendant Rideout Memorial Hospital shall owe $125,000 in noneconomic damages, severally;

    2. Judgment is entered in favor of plaintiff and against defendant National Railroad Passenger Corporation, defendant Hector Lopez, MD, and defendant Rideout Memorial Hospital, jointly and severally, as to the economic damages awarded in the total amount of $4,940,000.[1] Each defendant's pro-rata share of the total amount of economic damages based on the jury verdict's allocation of comparative fault is as follows:[2]

        a. Defendant National Railroad Passenger Corporation's pro-rata share of the economic damages awarded is $380,000;

        b. Defendant Hector Lopez, MD's pro-rata share of the economic damages awarded is $2,280,000; and

/////

---

[1] The court notes that it appears, under California's joint and several liability doctrine, before a plaintiff may seek to recover economic damages from a defendant beyond the share that they are culpable for, plaintiff must show that the other defendant(s) are insolvent or did not pay their share. *See Evangelatos v. Superior Ct.*, 44 Cal. 3d 1188, 1198 (1988) ("[*I*]*f one or more tortfeasors prove to be insolvent and are not able to bear their fair share of the loss*, the shortfall created by such insolvency should be apportioned equitably among the remaining culpable parties[.]") (emphasis added); *see also Paradise Valley Hosp. v. Schlossman*, 143 Cal. App. 3d 87, 93 (1983) ("An insolvent defendant's shortfall should be shared proportionately by the solvent defendants as though the insolvent or absent person had originally not participated.").

[2] *See Safeway Stores, Inc. v. Nest-Kart*, 21 Cal. 3d 322, 328 (1978) (holding that apportioning liability among defendants on a comparative fault basis is not precluded under the state's contribution statutes).

      c.     Defendant Rideout Memorial Hospital's pro-rata share of the economic damages awarded is $2,280,000.

* * *

Any party objecting to the proposed judgment set forth above shall file and serve their objection and any supporting authority **before midnight on December 19, 2022**. The court will direct the entry of judgment as soon as possible thereafter.

IT IS SO ORDERED.

Dated:   **December 15, 2022**

UNITED STATES DISTRICT JUDGE