UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>RIDEOUT MEMORIAL HOSPITAL, et al.,<br><br>        Defendants. | No. 2:17-cv-02295-DAD-AC<br><br>ORDER DENYING DEFENDANT AMTRAK'S MOTION TO COMPEL ACKNOWLEDGMENT OF SATISFACTION OF THE JUDGMENT<br><br>(Doc. No. 368) |

The matter is before the court on the motion to compel plaintiff's acknowledgment of satisfaction of the judgment pursuant to California Code of Civil Procedure § 724.050 filed by defendant National Railroad Passenger Corporation ("Amtrak"). (Doc. No. 368.) On March 15, 2023, defendant Amtrak's motion was taken under submission on the papers. (Doc. No. 385.) For the reasons explained below, the court will deny the motion.

**BACKGROUND**

On October 28, 2022, a jury verdict was rendered in this case in favor of plaintiff. (Doc. No. 331.) On December 22, 2022, the court entered judgment. (Doc. Nos. 354, 355.) On February 3, 2023, defendant Amtrak filed a motion to stay enforcement of the judgment. (Doc. No. 365.) A week later, on February 9, 2023, defendant Amtrak filed the pending motion to compel plaintiff's acknowledgement of satisfaction of the judgment. (Doc. No. 368.) On

February 10, 2023, defendants Dr. Hector Lopez and Rideout Memorial Hospital ("Rideout") joined in defendant Amtrak's pending motion to compel. (Doc. Nos. 370, 375.)

On February 15, 2023, the court stayed execution of the judgment until the court had ruled on defendant Amtrak's motion to compel or until "the parties reach an agreement regarding payment of the judgment and defendant Amtrak withdraws" the motion to compel. (Doc. No. 379.) On March 8, 2023, plaintiff filed an opposition to the pending motion to compel. (Doc. No. 384.) Defendants elected not to file any reply brief.

**LEGAL STANDARD**

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Because this court is in California, California law applies to procedures concerning the execution of the judgment.

Under California law, "[w]hen a money judgment is satisfied, the judgment creditor immediately shall file with the court an acknowledgment of satisfaction of judgment." Cal. Civ. Proc. Code § 724.030. "If the judgment creditor fails to file an acknowledgment of satisfaction of judgment, the judgment debtor may serve the judgment creditor with a written demand for the judgment creditor to file an acknowledgment of satisfaction with the court." *Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal. App. 4th 882, 898 (2015) (citing Cal. Civ. Proc. Code § 724.050(a)). California Code of Civil Procedure § 724.050(b) sets forth the language that must be included in a written demand served on a judgment creditor.[1] "If 'without just cause,' the judgment creditor fails to comply within 15 days of the demand, the judgment creditor is liable to the judgment debtor for $100 plus costs, attorney fees, and damages sustained by reason of the

---

[1] "The demand shall include the following statement: 'Important warning. If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a court proceeding is necessary to compel you to comply with this demand, you will be required to pay my reasonable attorney's fees in the proceeding if the court determines that the judgment has been satisfied and that you failed to comply with the demand. In addition, if the court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages I sustain by reason of such failure and will also forfeit one hundred dollars to me.'" Cal. Civ. Proc. Code § 724.050(b).

1   failure to comply." *Gray1*, 233 Cal. App. 4th at 898 (quoting Cal. Civ. Proc. Code § 724.050(e)).
2   In addition, "the person making the demand may apply to the court on noticed motion for an
3   order requiring the judgment creditor to comply with the demand." Cal. Civ. Proc. Code §
4   724.050(d). "If the court determines that the judgment has been satisfied and that the judgment
5   creditor has not complied with the demand, the court shall either (1) order the judgment creditor
6   to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment." *Id.*

## ANALYSIS

8   In its pending motion, defendant Amtrak contends that all defendants have issued payment
9   to plaintiff in full satisfaction of the judgment entered by the court in this case. (Doc. No. 368 at
10  3–6.) Specifically, defendant Amtrak contends that, on January 13, 2023, it "caused a courier to
11  personally serve Plaintiff's counsel with three checks totaling $6,240,000.00 in full satisfaction of
12  the judgment owed to Plaintiff." (*Id.* at 4.) Defendant Amtrak attached copies of those three
13  checks—one from each defendant—that were all made payable to "Joseph Daniel Nevis," along
14  with a proof of service.[2] (Doc. Nos. 368-6, 368-7.) As defendant Amtrak argues, because
15  "[p]laintiff's receipt of the checks on January 13, 2023[] constituted full satisfaction of the
16  judgment owed," plaintiff's counsel was obligated "to immediately file an acknowledgement of
17  full satisfaction of judgment in compliance with California Code of Civil Procedure section
18  724.030," but plaintiff's counsel "failed to do so." (Doc. No. 368 at 5.) As a result, on January
19  23, 2023, defendant Amtrak issued a demand letter to plaintiff's counsel advising him that he was
20  required "to file an acknowledgement of satisfaction of judgment no later than 15 days following
21  receipt of the [demand] letter." (*Id.*) Seventeen days after issuing that demand, on February 9,
22  2023, defendant Amtrak filed the pending motion to compel acknowledgment of satisfaction of
23  the judgment. (*Id.* at 5–6.)
24  Plaintiff's counsel opposes the pending motion, arguing that after the court entered
25  judgment, "[p]laintiff moved forward to collect and execute the full judgment against Defendant

---

[2] The first check sent on behalf of defendant Dr. Lopez was in the amount of $2,405,000; the second check sent on behalf of defendant Amtrak was in the amount of $1,430,000; the third check sent on behalf of defendant Rideout was in the amount of $2,405,000. (Doc. No. 368-6.)

Amtrak under the doctrine of Joint and Several Liability," but counsel for defendant Amtrak decided to deliver the three checks on behalf of each defendant to plaintiff's counsel on January 13, 2023. (Doc. No. 384 at 2.) Plaintiff's counsel contends that he rejected the checks sent by defendants because none were negotiable or payable to McElfish Law Firm PC, which he argues is necessary for him to place the funds into a client trust account pursuant to the Rules of Professional Conduct. (*Id.*) In this regard, plaintiff's counsel argues he has a fiduciary duty to his client to place the funds in a client trust account and to adhere to his duties to "third party lien holders" that must be paid from those funds. (*Id.* at 4–5.) Specifically, plaintiff's counsel argues that he "would be in violation of the Professional Rules of Responsibility 1.15 Safekeeping Property, if he is unable to deposit the checks received from all counsels." (*Id.* at 4.) In addition, plaintiff's counsel explains that he returned all three checks to defendant Amtrak with a letter from an attorney, Kevin Gerry, who, according to plaintiff's counsel, is now "associated into the case to assist Mr. McElfish." (Doc. No. 384 at 5–6.)[3] In that letter, dated February 2, 2023, attorney Gerry explained to defendant Amtrak's counsel that the checks should have been made payable to plaintiff's counsel's law firm "to properly comply with his professional responsibilities to deposit the checks in his client trust account, and to promptly disburse the funds to all applicable parties, including the payments for outstanding litigation costs and 3rd party liens." (Doc. No. 365-9 at 2.) Most importantly, however, plaintiff's counsel maintains that defendant Amtrak has not shown the "critical element" required by California Code of Civil Procedure § 724.050—i.e., that the judgment was satisfied. (*Id.* at 3.) Plaintiff acknowledges that the parties have taken some steps to ensure that the required payments are made, but plaintiff maintains that the payments have not yet been fully received and verified. (*Id.* at 3.) Plaintiff's counsel further states that he "assures this Court that once all payments owed are received and verified, Plaintiff will indeed file an acknowledgment[] of judgment[]." (*Id.* at 3–4.)

As noted, defendants elected not to file a reply in support of the pending motion, apparently relying on the arguments presented in Amtrak's motion, i.e., that its delivery of three

---

[3] The letter from attorney Gerry was attached to defendant Amtrak's motion to stay execution of the judgment. (Doc. No. 365-9.)

checks totaling the amount owed as stated in the court's December 22, 2022 judgment to plaintiff's counsel on January 13, 2023, amounted to satisfaction of the judgment and obligated plaintiff to file an acknowledgment of that satisfaction. (Doc. No. 368 at 3–4) (citing Cal. Civ. Proc. Code § 724.010(a) ("A money judgment may be satisfied by payment of the full amount required to satisfy the judgment[.]")). However, "[w]here a money judgment is satisfied by payment to the judgment creditor by check or other form of noncash payment that is to be honored upon presentation by the judgment creditor for payment, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction of judgment *arises only when the check or other form of noncash payment has actually been honored upon presentation for payment*." Cal. Civ. Proc. Code § 724.010(c) (emphasis added). California Code of Civil Procedure § 724.010(c) specifically "addresses the timing of a judgment creditor's obligation to file an acknowledgment of satisfaction, not when a judgment is deemed to have been fully satisfied." *Gray1*, 233 Cal. App. 4th at 893; *see also Long v. Cuttle Const. Co.*, 60 Cal. App. 4th 834, 837 (1998) ("The time of payment need not be the same as the time the judgment creditor is obliged to give an acknowledgment of the satisfaction of judgment.") (citing Cal. Civ. Proc. Code § 724.010(c)). Because it is undisputed that plaintiff returned the checks to defendant Amtrak on February 2, 2023, and the checks were never presented for payment—let alone honored—no obligation to give or file an acknowledgment of satisfaction of judgment on behalf of plaintiff ever arose. (Doc. Nos. 365-9; 368 at 1; 384 at 2.) For this reason, the court also concludes that defendant Amtrak has failed to establish that the judgment was in fact satisfied. *See Conservatorship of McQueen*, 59 Cal. 4th 602, 615 (2014) (explaining that payment tendered by an uncertified check would not constitute satisfaction of judgment for purposes of seeking costs under California Code of Civil Procedure § 685.080, which requires a motion seeking such costs to be made "before judgment is satisfied in full," if the creditor postponed presenting the check for payment); *see also Hale v. Bohannon*, 38 Cal. 2d 458, 467 (1952) ("The mere giving of a check does not constitute payment . . . And since a check of itself is not payment until cashed the party attempting to prove payment by mere delivery or acceptance must go further and in addition prove that such delivery and acceptance was in accordance with an agreement that it was to be

accepted as payment."). Accordingly, defendant Amtrak's motion to compel will be denied.

## CONCLUSION

For the reasons explained above, defendant Amtrak's motion to compel acknowledgment of satisfaction of judgment (Doc. No. 368) is denied without prejudice.

IT IS SO ORDERED.

Dated: **March 21, 2023**

_____
UNITED STATES DISTRICT JUDGE